**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **1:08-CR-00058-LJO** |
| Plaintiff-Respondent, | **ORDER TO SHOW CAUSE WHY MOTION SHOULD NOT BE DISMISSED AS UNTIMELY (Doc. 87)** |
| v. | |
| **JENNIFER THURMAN,** | |
| Defendant-Petitioner. | |

## I. INTRODUCTION

Jennifer Thurman ("Petitioner"), a prisoner in federal custody, brings a pro se 28 U.S.C. § 2255 motion ("Habeas Motion") to vacate, set aside, or correct her sentence.

## II. BACKGROUND OF THE CASE

On February 28, 2008, Petitioner was indicted on five counts of violating 18 U.S.C. § 2252(b)(1)-(2) (production of material involving the sexual exploitation of minors). Doc. 1. Pursuant to a plea agreement made with the government, Doc. 32, Petitioner pleaded guilty to the first four counts of the indictment. Doc. 36. On March 11, 2011, Petitioner was sentenced by Judge Oliver W. Wanger to four consecutive 360-month periods. Doc. 67. Petitioner subsequently filed an appeal. Doc. 62. On

1

October 19, 2012, The Ninth Circuit entered an order affirming her sentence. Doc. 82. Its judgment took effect November 15, 2012. Doc. 84.  There is no indication in the docket that Petitioner filed a writ of certiorari to the United States Supreme Court.

On June 10, 2016, Petitioner signed the instant motion for habeas relief. Doc. 87.[1,2]

### III. LEGAL BACGROUND

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. *Lindh v. Murphy*, 521 U.S. 320 (1997). The instant petition was filed on June 10, 2016, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2255(f). As amended, § 2255, subdivision (f) reads:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Where, as here, a movant pursues a direct appeal to the Court of Appeals but does not file a petition for writ of certiorari with the United States Supreme Court, "the conviction becomes final when

---

[1] While the motion was filed with the Court on June 20, 2016, the Court will consider the motion deemed filed as of June 10, 2016, pursuant to the Supreme Court's decision in *Houston v. Lack*, 487 U.S. 166 (1988).

[2] As Judge Wanger is no longer assigned to this case, it was reassigned to Chief Judge Lawrence J. O'Neill.

1 the time for filing such a petition lapses." *United States v. Gilbert*, 807 F.3d 1197, 1199 (9th Cir. 2015)

2 (citing *Clay v. United States*, 537 U.S. 522, 532 (2003). Petitions for writs of certiorari to the Supreme

3 Court must be filed within 90 days after entry of judgment. Sup. Ct. R. 13.1.

4     Courts may toll the one-year limitation period if "(1) the petitioner has diligently pursued his

5 rights, and (2) extraordinary circumstances exist." *United States v. Aguirre-Ganceda*, 592 F.3d 1043,

6 1045 (9th Cir. 2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "Still, 'the threshold

7 necessary to trigger equitable tolling ... is very high.'" *Id.* (quoting *Mendoza v. Carey*, 449 F.3d 1065,

8 1068 (9th Cir. 2006)).

9     "When untimeliness is obvious on the face of a habeas petition, the district court has the

10 authority to raise the statute of limitations sua sponte and to dismiss the petition on that ground."

11 *Wentzell v. Neven*, 674 F.3d 1124, 1126 (9th Cir. 2012) (citing *Herbst v. Cook*, 260 F.3d 1039, 1042 (9th

12 Cir.2001). However, "that authority should only be exercised after the court provides the petitioner with

13 adequate notice and an opportunity to respond." *Id.* For a pro se petitioner, "the court must make clear

14 the grounds for dismissal and the consequences of failing to respond." *Id.*

15 ### IV. ANALYSIS

16     Because the Ninth Circuit's judgment was entered on November 15, 2012, Petitioner's

17 conviction became final on February 13, 2013 (when the 90-day deadline to file a writ of certiorari to

18 the Supreme Court passed). *Gilbert*, 807 F.3d at 1199. The deadline to file a habeas corpus motion

19 expired a year later- on February 13, 2014. 28 U.S.C. § 2255(f)(1). Petitioner has made no express or

20 implied claim of entitlement to equitable tolling and, based on the record now before the Court, the

21 Court sees no basis for such a claim. Based on the foregoing, it appears that the petition is untimely by

22 more than two years. Before recommending the dismissal of the petition as untimely, however, the Court

23 will afford Petitioner an opportunity to provide any additional information in her possession that would

24

25

26

affect the timeliness of the petition. If Petitioner fails to respond to this Order to Show Cause, or, if the response she files is insufficient to establish that the petition is timely, the Court will dismiss the motion.

### V. CONCLUSION AND ORDER

For the reasons discussed above, the Court ORDERS the Petitioner to show cause, in writing, as to why her Petition should not be dismissed for violation of the one-year statute of limitation.

Petitioner's response is due WITHIN THIRTY (30) DAYS of the date of service of this Order.

Petitioner is forewarned that failure to comply with this order shall result in dismissal of her petition, pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   **July 25, 2016**          **/s/ Lawrence J. O'Neill**
                                    UNITED STATES CHIEF DISTRICT JUDGE

4