# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff-Respondent,<br><br>　　v.<br><br>JENNIFER LYNN THURMAN,<br><br>　　　　　　　　　Defendant-Petitioner. | CASE NO. 1:08-CR-00058-(2)-LJO<br><br>ORDER DENYING PETITIONER'S MOTIONS TO APPOINT COUNSEL; DISMISSING PETITIONER'S § 2255 MOTION AS UNTIMELY; DENYING PETITIONER'S MOTION TO PROCEED IN FORMA PAUPERIS; AND, DENYING A CERTIFICATE OF APPEALABILITY.<br><br>(ECF Nos. 87-89, 91) |

Before the Court are Petitioner Jennifer Lynn Thurman's *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("Section 2255 Motion," ECF No. 87), Motion to Proceed *in forma pauperis* (ECF No. 88), and Motion for Appointment of Counsel (ECF No. 89), each filed on June 20, 2016.[1] The Court deems the matters fit for resolution without a hearing. *See* 28 U.S.C. § 2255. Petitioner's motion, the records in the case, and the procedural background conclusively show that she is not entitled to habeas relief, for the reasons set forth below. Therefore, the Court will not hold an evidentiary hearing on Petitioner's Section 2255 motion.[2] *See Shah v. United States*, 878 F.2d 1156, 1158 (9th Cir.), *cert. denied,* 493 U.S. 869 (1989).

---

[1] Petitioner filed the Section 2255 Motion on June 20, 2016, however, pursuant to the Supreme Court's decision in *Houston v. Lack*, 487 U.S. 166 (1988), the Court has deemed it filed as of the date Petitioner signed it, June 10, 2016. *See* ECF No. 90, fn.1.

[2] Under Section 2255, a court shall hold an evidentiary hearing on a prisoner's Section 2255 petition, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. A court need not hold an evidentiary hearing on a prisoner's § 2255 petition where the prisoner's allegations, when viewed against the records, either do not state a claim for relief or are so palpably incredible as to warrant summary dismissal. *Shah,* 878 F.2d at 1158; *United States v. Schaflander,* 743 F.2d 714, 717 (9th Cir. 1984), *cert. denied,* 470 U.S. 1058 (1985). "Merely conclusory statements in a § 2255 motion are not enough to require a hearing." *United States v. Johnson,* 988 F.2d 941, 945 (9th Cir. 1993) (citing *United States v. Hearst,* 638 F.2d 1190, 1194 (9th Cir. 1980), *cert. denied,* 451 U.S. 938 (1981)).

**BACKGROUND**

On February 28, 2008, Petitioner was indicted on five counts of Production of Material Involving the Sexual Exploitation of Minors and Aiding and Abetting, in violation of 18 U.S.C. § 2252(b)(1)-(2). *See* ECF No. 1. At arraignment on December 9, 2009, Petitioner entered a not guilty plea. *See* ECF No. 9. Subsequent to a conditional plea agreement with the government under Rule 11(c)(1)(C), *see* ECF No. 32, the Court held a change of plea hearing on September 13, 2010, at which Petitioner pleaded guilty to Counts One through Four of the indictment (four counts of Production of Material Involving the Sexual Exploitation of Minors and Aiding and Abetting, in violation of 18 U.S.C. § 2252(b)(1)-(2)); Count Five of the indictment was dismissed. *See* ECF No. 36.

At a sentencing hearing held March 11, 2011, Judge Oliver W. Wanger[3] imposed a term of life imprisonment (four 360-month terms of imprisonment for each of Counts 1-4, to be served consecutively, for a total of 1,440 months). *See* ECF No. 67; ECF No. 61 (Judgment & Commitment Order, March 16, 2011). Petitioner timely appealed. *See* ECF No. 62. On October 19, 2012, the Ninth Circuit affirmed the district court's sentence, *see* ECF No. 82, and the appellate decision took effect November 15, 2012. *See* ECF No. 84. There is no indication in the record that Petitioner filed a writ of certiorari to the United States Supreme Court.

Subsequent to Petitioner filing the instant motion for habeas relief, *see* ECF No. 87, this Court, on July 25, 2016, issued an order to show cause why the Section 2255 Motion should not be dismissed as untimely and gave Petitioner 30 days from the date of service in which to respond.[4] *See* ECF No. 90. On August 15, 2016, Petitioner timely filed a "Motion to Show Cause Why Motion Should Not Be Dismissed as Untimely," which was docketed as a Reply/Response. *See* ECF No. 92. That same date, Petitioner filed a second Motion for Appointment of Counsel. *See* ECF No. 91.

---

[3] As Judge Wanger has since retired, this case was reassigned to Chief Judge Lawrence J. O'Neill on June 21, 2016.

[4] Before a district court dismisses a habeas petition for untimeliness, "that authority should only be exercised after the court provides the petitioner with adequate notice and an opportunity to respond." *Wentzell v. Neven*, 674 F.3d 1124, 1126 (9th Cir. 2012). As required under *Wentzell*, in its July 25, 2016 Order, the Court explicitly gave Petition adequate notice, an opportunity to respond, made clear the consequence of failing to do so, and specified the grounds for dismissal. *See* ECF No. 90.

## DISCUSSION

**A. Section 2255 Motion**

A one-year period of limitation applies to a § 2255 petition.[5] 28 U.S.C. § 2255(f). As amended, Section 2255(f) provides that "[t]he limitation period shall run from ... the date on which the judgment of conviction becomes final." § 2255(f)(1). Petitioner timely appealed within ten days following the entry of judgment. *See* Rule 4, Fed. R. App. P.; *see also* ECF No. 62. Where, as here, a movant pursues a direct appeal to the Court of Appeals but does not file a petition for writ of certiorari with the United States Supreme Court, "the conviction becomes final when the time for filing such a petition lapses.[6]" *United States v. Gilbert*, 807 F.3d 1197, 1199 (9th Cir. 2015) (citing *Clay v. United States*, 537 U.S. 522, 532 (2003)). In this case, because the Ninth Circuit affirmed and entered judgment on November 15, 2012, *see* ECF No. 84, Petitioner's time to file a writ of certiorari to the Supreme Court passed 90 days later, on February 13, 2013. *See Gilbert*, 807 F.3d at 1199. As a result, pursuant to 28 U.S.C. § 2255(F)(1), Petitioner's deadline to file a § 2255 motion expired one year later, on February 13, 2014. Yet Petitioner filed the instant motion on June 10, 2016, more than two years late.

Because Petitioner filed beyond the limitations period, she may proceed only if she can demonstrate that she is entitled to equitable tolling. *See United States v. Battles,* 362 F.3d 1195, 1197 (9th Cir. 2004) (statute of limitations under § 2255 is subject to equitable tolling). To demonstrate such entitlement, a petitioner must show that: (1) she has pursued her rights diligently; and, (2) some extraordinary circumstance stood in her way and prevented timely filing. *See Holland v. Florida,* 560 U.S. 631, 649 (2010); *Ramirez v. Yates,* 571 F.3d 993, 997 (9th Cir. 2009). The Ninth Circuit defines an "extraordinary circumstance" as an external force that is beyond the inmate's control. *Miles v. Prunty,* 187 F.3d 1104, 1107 (9th Cir. 1999). The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." *See Holland,* 560 U.S. at 653.

---

[5] On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. *Lindh v. Murphy*, 521 U.S. 320, 326-327 (1997). Because the instant petition was filed on June 10, 2016, it is subject to the provisions of the AEDPA.

[6] Petitions for writs of certiorari to the Supreme Court must be filed within 90 days after entry of judgment. Sup. Ct. R. 13.1.

3

As the Court noted in its July 25, 2016 Order, Petitioner in her motion made no express or implied claim of entitlement to equitable tolling and the Court found no basis for such a claim. *See* ECF No. 90 at 3. In Petitioner's subsequent Reply/Response, she stated that "[t]his motion is 9 handwritten pages and [includes] 17 documents to support why my 2255 should be excepted [sic] as timely." ECF No. 92. The Court liberally construes this statement as asserting an entitlement to equitable tolling. In factual support, Petitioner offers that she is "unclear on how to officially do this," ECF No. 92, and is a "novice in the law." ECF No. 91.

Contrary to the implicit proposition that a petitioner's legal inexperience should trigger equitable tolling, it is well-settled that "lack of legal expertise" is not an extraordinary circumstance. *United States v. Mallory*, --- Fed Appx ----, No. 14-17239, 2016 WL 4073504, at *1 (9th Cir. Aug. 1, 2016) ("Neither the pendency of [a petitioner's] section 3582(c)(2) motion nor his lack of legal expertise constitute extraordinary circumstances that kept him from timely filing a section 2255 motion.") (citing *Battles*, 362 F.3d at 1197 (stating standard for equitable tolling); *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[L]ack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling.")). Ultimately, a petitioner "bears the burden of showing that this extraordinary exclusion should apply to [her]." *Id.* The "threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." *Miranda v. Castro,* 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotations and citation omitted).

In sum, Petitioner neither asserts extraordinary circumstances to explain her untimeliness nor presents facts to demonstrate her diligence. The Court finds that Petitioner has not met her burden to demonstrate that she is entitled to equitable tolling. *See Holland,* 560 U.S. at 653-654; *United States v. Buckles*, 647 F.3d 883, 889 (9th Cir. 2011) (a movant must show that extraordinary circumstances caused untimely filing). Because Petitioner has not met her burden, her Section 2255 Motion must be dismissed as untimely. *See Wentzell*, 674 F.3d at 1126 ("When untimeliness is obvious on the face of a habeas petition, the district court has the authority to raise the statute of limitations *sua sponte* and to dismiss the petition on that ground.") (citing *Herbst v. Cook*, 260 F.3d 1039, 1042 (9th Cir. 2001)).

//

### B. Appointment of Counsel

Petitioner asserts that she "is a novice in the law with no formal training or education in legal matters," and thus requests the Court appoint counsel in relation to her Section 2255 Motion. ECF No. 89 ¶ 1; *see also* ECF No. 91.

There is no constitutional right to habeas counsel. *See Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987); *see also Nevius v. Sumner,* 105 F.3d 453, 460 (9th Cir. 1996). Under Title 18, United States Code § 3006A, it is within a court's discretion to appoint counsel at any stage of the case "if the interests of justice so require." *See* Rule 8(c) of the Rules Governing § 2255 Proceedings, 28 U.S.C. foll. § 2255; *see also United States v. Harrington,* 410 F.3d 598, 599 (9th Cir. 2005). Further, "[i]n deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir. 1983). Counsel must be appointed to represent indigent defendants in § 2255 proceedings when the complexities of the case are such that denial of counsel would amount to a denial of due process. *Dillon v. United States*, 307 F.2d 445, 446-47 (9th Cir. 1962). "In the absence of such circumstances, a request for counsel in proceedings under section 2255 is addressed to the sound discretion of the trial court." *Id.* at 447.

Petitioner does not differentiate her request for habeas relief from that of any other petitioner and fails to show how the interests of justice would be served by appointing counsel in this case, specifically. *See* ECF No. 89, ¶ 4. Petitioner has cogently expressed her position on the threshold timeliness issue, but has not shown a likelihood of success. Demonstrating a timely filing is not a complex undertaking. *See, e.g., United States v. Kalfsbeek*, No. 2:05-CR-0128-LKK-AC, 2013 WL 129409, at *3 (E.D. Cal. Jan. 9, 2013) (denying appointment of counsel because compliance with procedural rules of a § 2255 motion is "not inherently complex."); *United States v. Skinner*, No. 3:03-cr-00176-LRH-VPC, 2010 WL 1462935, at *2 (D. Nev. Apr. 9, 2010) (denying motion for counsel where § 2255 motion was time barred). Weighing the relevant factors, the Court will DENY Petitioner's motions to appoint counsel.

//

### C. Application to Proceed *In Forma Pauperis*

A motion under § 2255 is filed as part of the underlying criminal prosecution, and therefore does not require payment of a filing fee as does a petition for a writ of habeas corpus. *See* 28 U.S.C. § 2255. Because Petitioner was not required to pay any fees to file this motion, there is no need for Petitioner to proceed *in forma pauperis* ("IFP"). Therefore, the Court will DENY Petitioner's request to proceed IFP as unnecessary.

### D. Certificate of Appealability

The federal rules governing habeas cases brought by federal prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability in its ruling. *See* 28 U.S.C. § 2253(c). For the reasons set forth above, petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). A certificate of appealability is **DENIED**.

### CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Petitioner's Section 2255 Motion (ECF No. 87) is **DENIED**;
2. Petitioner's Motions to Appoint Counsel (ECF Nos. 89, 91) are **DENIED**;
3. Petitioner's Motion to Proceed *in forma pauperis* (ECF No. 88) is **DENIED AS MOOT**; and,
4. The Court **DECLINES** to grant a certificate of appealability.

Finally, the Clerk of Court is **DIRECTED** to **TERMINATE** the Petitioner and **CLOSE** the case.

IT IS SO ORDERED.

Dated:   **August 26, 2016**        /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE